FILED IN CHAMBERS
U.S.D.C. Rome

MAR 01 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARTHA SPEIR,

    Plaintiff,

v.

WAL-MART STORES, INC., SAM'S
REAL ESTATE BUSINESS TRUST,
and SAM'S EAST, INC.,

    Defendants.

CIVIL ACTION

NO. 1:06-CV-0757-RLV

O R D E R

This is a tort action against the defendants arising out of an incident that occurred at a Sam's Club store near Alpharetta, Georgia. The plaintiff alleges that the defendants breached their duty to keep the premises safe and to warn of latent dangers. As a consequence, the plaintiff sustained injuries when she reached for certain merchandise only to have the stack of pallets it was located on fall onto her. Pending before the court are the defendants' Motion to Dismiss Wal-Mart Stores, Inc., and Sam's Real Estate Business Trust [Doc. No. 24], and the defendants' Motion to Strike Plaintiff's Supplementary Response to Initial Disclosures [Doc. No. 30].

MOTION TO DISMISS WAL-MART STORES, INC. AND SAM'S REAL ESTATE BUSINESS TRUST

The defendants move this court to dismiss two of the three named defendants pursuant to Fed. R. Civ. P. 21. Rule 21 permits a court to drop or add a misjoined or non-joined party "on such terms as are just." The defendants assert that Wal-Mart Stores, Inc. ("Wal-Mart") and Sam's Real Estate Business Trust ("Sam's Real

Estate") are improperly joined because they are neither the "owner" nor the "occupier" of the Sam's Club store where the plaintiff sustained her injuries. The "owner or occupier" language is from Georgia's premises liability statute upon which the plaintiff bases her negligence claims. In relevant part, the statute provides, "Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises . . . he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1.

The basis for the defendants' argument stems from two apparent facts: (1) that Wal-Mart is the parent corporation of its subsidiary, Sam's East, Inc. ("Sam's East"), which actually operates the Alpharetta Sam's Club store, and (2) that although Sam's Real Estate owns the premises of the Sam's Club, it did not exercise any control over the Sam's Club store. In other words, the defendants seek to drop Wal-Mart because in its role as merely the parent corporation it neither owned nor controlled the operations of its subsidiary. They also seek to drop Sam's Real Estate because, although it owned the property, it did not exercise any control over the Sam's Club store and, therefore, does not incur the type of liability alleged under § 51-3-1.

The plaintiff asserts that the defendants are properly joined because the claims against all three defendants arise out of the same transaction or occurrence and there are common questions of

law or fact. See FED. R. CIV. P. 20. While this may be true, the rules of civil procedure do not require joinder in such circumstances. Rather, joinder of parties is permissive, and this court may drop any permissively joined parties to avoid prejudice or achieve just terms. FED. R. CIV. P. 20, 21. Nevertheless, this does not end the court's inquiry.

The plaintiff also asserts that her complaint sufficiently alleges facts that, if proven, would show that Wal-Mart and Sam's Real Estate, regardless of the corporate relationship to Sam's East, exercised such control over the operations of the Sam's Club store that they are liable for injuries under Georgia's premises liability statute.

Notably, the parties have not yet conducted any discovery in this case to illuminate the exact relationship between Wal-Mart, Sam's Real Estate, and Sam's East. Instead, the defendants' motion to drop the store's parent company, Wal-Mart, and its landlord, Sam's Real Estate, asks this court to look only at the corporate forms as they legally exist and not as they may actually function with respect to the degree of control exercised over the operation of the Sam's Club store. Although, as the defendants point out, "[i]t is a general principle of corporate law . . . that a parent corporation is not liable for the acts of its subsidiaries," United States v. Bestfoods, 524 U.S. 51, 61 (1998), it is equally true that the corporate veil may be pierced to hold the parent corporation responsible for its subsidiary's actions when the

3

corporate form has been resorted to "'for the purpose . . . of controlling a subsidiary company so that it may be used as a mere agency or instrumentality of the owning company.'" Id. at 62-63 (quoting Chicago, M. & St. P. Ry. Co. v. Minneapolis Civic and Commerce Ass'n, 247 U.S. 490, 501 (1918).

Thus, determining whether liability for the alleged negligence by Sam's East may properly be attributed to either Wal-Mart or Sam's Real Estate, or both, turns on the degree of control that those entities exercised over the Sam's Club store and its operations. However, ascertaining the degree of control necessary to attach premises liability to those entities is a question of fact. Fontaine v. Home Depot, Inc., 250 Ga. App. 123, 127 (2001); Food Giant v. Witherspoon, 183 Ga. App. 465, 467 (1987)("Whether a particular appurtenance or instrumentality is under the control of an owner or occupant is usually a question of fact.")(internal quotations omitted). Accordingly, dropping Wal-Mart and Sam's Real Estate at this juncture, before the parties have engaged in discovery to develop a factual record sufficient to make such a determination, is premature. Therefore, this court concludes that dismissing Wal-Mart and Sam's Real Estate is not warranted at this time.

## MOTION TO STRIKE PLAINITFF'S SUPPLEMENTARY RESPONSE TO INITIAL DISCLOSURES

The defendants also move this court to strike the plaintiff's disclosure of a proposed expert because it allegedly fails to

4

comply with the requirements for disclosure of expert testimony under Fed. R. Civ. P. 26(a). Specifically, the defendants ask this court to strike the plaintiff's disclosure of expert Gary Bakken without prejudice as to the plaintiff's right to re-file since there are over two months remaining in which to conduct discovery and identify expert witnesses.

The plaintiff does not dispute the allegation that her expert disclosure and the accompanying report fail to meet the requirements of Rule 26(a). Instead, the plaintiff asserts that the defendants have been uncooperative in the discovery process thus far and it is their actions that have prevented the plaintiff from obtaining the information necessary for compiling a sufficient expert report. To the extent that the plaintiff accuses the defendants of being unwilling to participate in discovery, the defendants reply that their cooperation is merely subject to the plaintiff's agreement to enter into a protective order limiting the use of any documents produced by the defendant.

The essence of this motion is that the defendants seek to have the plaintiff's disclosure stricken until such time as she can file one that complies with Rule 26; meanwhile, the plaintiff seeks more time and access to supplement her existing disclosure and effect the same result. In any event, the time for properly identifying an expert has not expired in this case. Whether this court grants or denies the defendants' motion at this time seems to be unimportant since either way the plaintiff will have to conduct

5

discovery and supplement her disclosure in order to have a sufficient expert testimony disclosure pursuant to Rule 26. Therefore, this court will deny the defendants' motion. If the alleged infirmities of the current disclosure still exist at the end of discovery, the defendants may file their objection at that time.

CONCLUSION

For the foregoing reasons, the defendants' Motion to Dismiss Wal-Mart Stores, Inc., and Sam's Real Estate Business Trust [Doc. No. 24] is DENIED; the defendants' Motion to Strike Plaintiff's Supplementary Response to Initial Disclosures [Doc. No. 30] also is DENIED with leave to re-file its objections at the close of discovery.

SO ORDERED, this 1ST day of March, 2007.

*[signature]*

ROBERT L. VINING, JR.
Senior United States District Judge